Aug. 10,
1876. MARTIN v. EATON.

*Will—Construction.*

*Held,* that the words "I give and bequeath  \*  \*  all my estate, real and personal, goods and chattels, during her natural life," gave the devisee a life estate.

*Held,* that the clause "after her decease, and all of our debts paid, and funeral charges, and good gravestones put up to our graves," followed by a gift of the remaining property, did not have the effect to limit or enlarge the previous clause, but, so far as the debts, funeral expenses, and gravestones were concerned, was an additional bequest to her.

FROM ROCKINGHAM CIRCUIT COURT.

IN EQUITY.　The principal question in this case is whether under the will of James Smith (a copy of which makes a part of this case) the accumulations upon the personal estate will go to the remainder men, or to the heirs of Sally Smith ; but either party may refer to the bill and answer.

James Smith was a farmer in good circumstances, living in Candia in said county.　His will was written by himself.　He died July 21, 1860, and the plaintiff was appointed his administrator with the will annexed.　Sally Smith died November 18, 1874, owing no debts, except the claims embraced in this suit, and the defendant was appointed her administrator.　She had been under his guardianship as an insane person from October 9, 1867.

Questions of law arising upon the bill and answer reserved by FOSTER, C. J., C. C.

COPY OF WILL.

"In the name of God, amen.

"I James Smith of Candia being weak in body but of a sound and disposing mind and memory do make and publish this my last will and testament.

"1ly. I give and bequeath to my beloved wife Sally Smith all my *estate* real and personal goods and chattels during her natural life.

2ly. After her decease and all of our debts paid and funeral charges and good gravestones put up to our graves of the remaining property

3ly. I give to the Episcopal Methodist Society, Candia five hundred dollars to be as a perpetual fund the interest arising from it to be laid out in preaching at their meeting-house.

"4ly. I give to my sister Nancy Brown fifty dollars.

"5ly. I give to my sister Sally Brown one hundred and fifty dollars.

"6ly. I give to Ldia Frances Currier all our household furniture with my wife's clothing—my remaining property to be equally divided among Mary Emery Sally S. French Mary Thorn Roxany Thorn

George Evans Elijah S. Evans Maryan Johnson, Herrett S. Brown, Timothy Currier Sophronia Currier Olive Jane Currier Lydia Frances Currier to be equally divided.

" 7ly. I do appoint my wife executor of my last will and testament here revoking all wills by me made.

" In witness whereof I have hereunto set my hand and seal this 18 day of October one thousand eight hundred and fifty-eight

" Signed sealed published and declared by the above named James Smith to be his last will and his testament in the presence of us who have hereunto subscribed our names as witnesses in the presence of the testator.

JAMES SMITH $\left\{ \overbrace{L.\ S.} \right\}$

Amos Thorn
Wm. B. Thorn
Mary H. Thorn "

*C. R. Morrison,* for the plaintiff.

*Hatch* and *Frink,* for the defendant.

Cushing, C. J. The testator has given to his wife, Sally Smith, all his estate, real and personal, goods and chattels, during her natural life.

It would seem as if there could be no doubt that by this clause the testator intended to give his wife a life estate in all his property. The effect of that would be to give her the use and income during her life of everything, excepting such personal property as would perish in the using, and *that* she would have a right to consume.

Under this clause, taken by itself, there would be no doubt that the income would belong to the widow, and the savings and accumulations of it would be absolutely hers. Is there anything in the will which, by any fair construction, can be held to limit this devise ? It is claimed that the provision for the payment of her debts as well as his, and the erection of gravestones for her as well as for himself, and the payment of her funeral expenses as well as his own, indicates rather his intention that she should have a right to use as much of the property as she needed to use during her life, and to dispose of the balance, either principal or interest, by his will. I cannot find evidence of any such intention in any part of the will. No doubt the testator had, and with reason, entire confidence in his wife's integrity and prudence, and fully believed that if she failed to get her support from the income, and left debts behind her, it would not be through any fault of hers. It was very proper, therefore, that he should order that all her debts as well as his own, and all their joint debts, if any there were, should be paid before any other parties should receive any of the property. This was a natural and proper provision to be made, and I cannot see that it has

any effect in limiting or controlling the clause in the will under consideration.

The other part of the will relied on is his attempt to dispose of his wife's clothing. The argument seems to be that he considered everything which his wife had, or might afterward have, as subject to his control; and from this is attempted to be drawn the conclusion that he did not intend to give his wife a life estate in the property, but only a support out of it, and that he considered everything which she had or bought to be always a part of his estate, and subject to his disposition by will. According to this view, if she were keeping house, it would be improper for her to invite a guest, because by so doing she would consume some portion of what ought to be the surplus.

I cannot draw any such conclusion from this bequest. The wife was appointed executor of the testator's will, and he might well rely upon her to see this bequest properly carried out.

Such appears to me to be the construction of this will, according to the principles of common sense. No technical rule has been suggested by which what seems to me the plain and evident meaning of the testator can be controlled. I think, therefore, that whatever estate of Sally Smith is so separated that it can be seen that it is no part of the original estate of her husband, should be held by the administrator on *her* estate, to be disposed of by him according to law, and that it is not controlled by the will of her husband.

LADD, J. In the interpretation of a written instrument, some parts of which are ambiguous or obscure, it is advisable to go to those parts, if any, which are plain for light as to the meaning of the rest, rather than to those parts which are doubtful for darkness with which to overshadow that which before was sufficiently plain.

The disposition by this testator of the life interest in his estate, both real and personal, is clear and explicit. It is given to his wife Sally ; and I think the confused and doubtful provisions with respect to the remainder should be governed and receive their construction from that preceding clause rather than the reverse.

This is said to be the main question in the case, and is the only question, so far as I can see. My opinion is, that by the will the accumulations upon the personal estate go to the heirs of Sally Smith.

SMITH, J. The bequest to his wife for life gave her the use of the real and personal property. The income therefrom would belong to her. The remaining provisions of the will do not, in my opinion, overcome this conclusion of the law ; and the accumulations of this property during her life must be distributed as her estate.

*Case discharged.*